{¶ 31} I respectfully dissent from the majority opinion.
 {¶ 32} Unlike the co-defendant's statement in Bruton, Bryant's statements in the case sub judice did not implicate Bryant himself, much less implicate appellant, in the aggravated robbery. There was no incriminating linkage between Bryant's exculpatory statements and implication of appellant as having committed the crime on the face of Bryant's statements. See Richardson v. Marsh (1987), 481 U.S. 200, at 208-209.
 {¶ 33} The inconsistencies in Bryant's statements concerning appellant's presence at the apartment building negatively impacted his credibility. Appellant's presence at the apartment building was independently established through the testimony of Ceil Scott, Shawn Brockup and the victim, Kevin McGraw.
 {¶ 34} I find no Bruton violation. The trial court's limiting instruction was sufficient to preclude any possible prejudice to appellant emanating from the admission of Bryant's statements.